# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **THOMAS CUMMINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **No.** |
| | )   **JURY DEMAND** |
| **PROMETHEAN, INC.** | ) |
| | ) |
| | )   **Judge** _____ |
| | )   **Magistrate Judge** _____ |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Comes now Plaintiff, by and through counsel, and alleges the following in his cause of action against Defendant: <u>Count One</u> - Violations of the Civil Rights Act of 1991; <u>Count Two</u> - Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. 1981; <u>Count Three</u> - Violations of the Americans with Disability Act As Amended.

1.     Plaintiff is a resident of Sumner County, Tennessee.

2.     Defendant is a Georgia corporation doing business in the State of Tennessee with its principal place of business located at 1165 Sanctuary Parkway, Suite 400, Alpharetta, Georgia 30009, and can be served through its registered agent CT Corporation, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929. Defendant is in the business of selling educational and training tools, products and services to the educational community as well as the private business sector. Plaintiff was an Area Sales Manager for Defendant at all relevant times hereto.

## JURISDICTION AND VENUE

3.     This action is brought under the Civil Rights Act of 1991, 42 U.S.C. 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, 42 U.S.C. 1981; and the Americans with Disability Act As Amended.

4.     This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5.     This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6.     This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7.     Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8.     Plaintiff was hired by Defendant in or about February 2008 as an Area Sales Manager.

9.     As an Area Manager, Plaintiff was assigned a Teaching and Learning Consultant as were all Area Managers. The consultants' primary job responsibilities were to help their Area Sales Managers cover customer demands and needs and their presence was vital to the success of Area Sales Managers. Plaintiff's consultant in 2009 was African American.

10.    In or about the spring of 2009, Plaintiff's consultant approached him with a complaint of race discrimination or hostility. Plaintiff's consultant was assigned to an account in the urban area of Memphis, Tennessee. One of his job assignments was to give presentations to potential customers or existing customers for products and services. This consultant made accusations that Plaintiff, and maybe others within Defendant, had "sabotaged" one of his presentations and that it was a "black thing."

11.    Plaintiff took this as a complaint of racial discrimination or hostilities within the workplace and reported it to upper level management. Plaintiff was never informed of any investigation into the issue. Plaintiff continued to work with this consultant even though Defendant refused to take any action about the complaint of discrimination from his subordinate. This created racial hostilities between Plaintiff and his consultant. Despite requests to remedy the situation, the only response Plaintiff received from management was a video being sent to him in October 2009 of upper level management laughing at Plaintiff about the incident.

12.    After this report of discrimination and hostilities in the workplace, Plaintiff's supervisors began giving him the cold shoulder treatment and subtly making it harder for him to perform his job responsibilities. The hostility and tension in the workplace continued until December of 2010 when Plaintiff's consultant made a request to move to a different sales area. The request was granted and Plaintiff was left without a Teaching and Learning Consultant. This dramatically increased the workload and stress Plaintiff had to endure.

13.    Over the next year, Plaintiff made repeated requests to be assigned a new consultant but each time was denied. The absence of this consultant made it impossible for Plaintiff to serve his customer base as he had in the past.

14.    As a result of this, Plaintiff's job performance suffered and he was repeatedly ridiculed and threatened with his job if he did not improve. Plaintiff's response each time was that he needed a consultant to be reassigned to him. Other Area Sales Managers had these consultants.

15.    During this time Plaintiff also began to suffer serious adverse health problems due to the treatment he was receiving from Defendant. Defendant sought and received medical treatment for severe depression brought on by his treatment at work. Plaintiff put the Defendant on notice of this condition that prohibited him from enjoying major life activities such as sleeping and working.

16.    Having never received a bad performance evaluation from Defendant, Plaintiff was put on a Performance Improvement Plan in or about November 2011. Plaintiff refused to sign the plan given his repeated requests for needed support. In addition, Plaintiff's medical condition further compounded his ability to perform his job duties, and the assignment of a consultant was a reasonable accommodation Plaintiff should have been afforded.

17.    Plaintiff was terminated January 9, 2012, for poor job performance. Plaintiff has received his right to sue letter and met all conditions precedent to the filing of this claim.

### COUNT ONE
### Violations of the Civil Rights Act of 1991, 42 U.S.C. 1981
### Against Defendant

18.    Defendant's conduct described herein such as creating a hostile environment and retaliatory discharge violated the Civil Rights Act of 1991, and 42 U.S.C. 1981.

19.    Defendant acted intentionally, recklessly, or maliciously when they failed to investigate, failed to assign a consultant and discharged Plaintiff in violation of the Civil Rights Act of 1991 and 42 U.S.C. 1981.

20.     Defendant's conduct was a part of a knowing and intentional pattern of discrimination in violation of the Civil Rights Act of 1991 and 42 U.S.C. 1981.

21.     As a direct and proximate result of Defendant's violation of the Civil Rights of 1991 and 42 U.S.C. 1981, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, and suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## COUNT TWO
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

22.     Plaintiff filed his charge with the EEOC and demanded his Right to Sue Letter.

23.     Defendant has more than 500 employees.

24.     During all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such, they are subject to the rule, regulations and penalties of this law.

25.     Defendant denied Plaintiff the opportunity to be employed under standards which were afforded other employees.

26.     Defendant engaged in, condoned, and ratified harassing and discriminatory conduct of its employees which resulted in racially hostile work environment.

27.     Defendant is directly or vicariously liable for retaliation under Title VII which results from the discriminatory practices and policies of its employees.

28.     This discrimination on the part of Defendant constitutes a violation of the Plaintiff's rights under Title VII.

29.    The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## COUNT THREE
### Violations of the Americans with Disability Act As Amended

30.    The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Americans with Disability Act As Amended.

31.    Defendant is a "person" as defined by the Americans with Disability Act As Amended.

32.    Defendant did segregate or classify Plaintiff based upon his disability, or perceived disability, in a way that would tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee.

33.    Defendant's decision to terminate Plaintiff and treat him less favorably than his non-disabled counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Americans with Disability Act As Amended.

34.    As a direct and proximate result of Defendant's violation of the Americans with Disability Act As Amended, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

**WHEREFORE**, Plaintiff prays:

1.    For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2.    Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. Damages for outrageous conduct and malicious harassment;

6. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

7. A judgment against Defendant for prejudgment interest; and

8. Such other relief as this Court deems proper.

Respectfully submitted;
Andy L. Allman & Associates

ANDY L. ALLMAN          #17857
Attorney for Plaintiff
103 Bluegrass Commons Blvd
Hendersonville, TN 37075
Telephone: (615) 824-3761